UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH NATHAN GARRETT,

                Plaintiff,

-against-

WESTERN UNION,

                Defendant.

1:19-CV-7500 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action under the Court's federal-question and diversity jurisdiction. Plaintiff sues Western Union and seeks unspecified damages. By order dated November 8, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The United States Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 678-79.

**BACKGROUND**

Plaintiff lists two mailing addresses in his complaint, one in New York, New York, and one in the Bronx, New York. He seems to allege that he is a citizen of both New York State and Pennsylvania. He sues Western Union, which he alleges is a citizen of Pennsylvania and New York State, is incorporated in Colorado and Washington, D.C., and has its principal place of business in "52 states." (ECF 2, p. 3.)

Plaintiff alleges the following facts: on May 26, 2019, at a "PayOMatic" located on 42nd Street, in New York, New York, he "sent over $6,45.00 . . . through Western Union Jay pay would have been a party member but they say they never received the money due to a revamp discrepancy in the system they use proves Western Union never solidifies payment." (*Id.* p. 5.)

2

Plaintiff asserts that he has suffered "destitution, threat of bill needed to be paid, failure with proper paperwork to submit transportation history when I [indecipherable] my bank statements showing proof of purchase." (*Id.* p. 6.) He seeks "[a]ll money and compensation resolved including tax worker paid[] at Steven Business Center." (*Id.*)

## DISCUSSION

The subject-matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court's jurisdiction is available only when a "federal question" is presented or, if the plaintiff asserts state-law claims under the Court's diversity jurisdiction, when the plaintiff and the defendant are citizens of different States and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .").

### A. Federal-question jurisdiction

To invoke federal-question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal

law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal-question jurisdiction, without any facts demonstrating a federal-law claim, does not create federal-question jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996); *see also Shapiro v. McManus*, 136 S. Ct. 450, 455-56 (2015) (holding that federal-question jurisdiction is lacking where the claims are "wholly insubstantial and frivolous," "essentially fictitious," or "obviously without merit" (internal quotation marks and citations omitted)).

Plaintiff checks the box on his form complaint to show that he is invoking the Court's federal-question jurisdiction. He states that the federal constitutional or federal statutory basis for his claims is "civil rights" and "federal rights." (ECF 2, p. 2.) But he alleges no facts suggesting any claim under federal law. Plaintiff therefore cannot invoke the Court's federal-question jurisdiction.

**B.     Diversity jurisdiction**

The Court next addresses whether Plaintiff may invoke the Court's diversity jurisdiction. To assert state-law claims under the Court's diversity jurisdiction, a plaintiff must first allege that he and the defendant are citizens of different States. 28 U.S.C. § 1332(a)(1); *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) ("A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.,* only if there is no plaintiff and no defendant who are citizens of the same State."). For diversity purposes, an individual is a citizen of the State where he is domiciled, which is defined as the place where a person "has his true fixed home . . . and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). An individual "has but one domicile." *Id.* A

4

corporation, however, is a citizen "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (a corporation's principal place of business is its "nerve center," usually its main headquarters). The parties' State citizenships at the time of the filing of the original complaint are what determine whether the parties are diverse. *See Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 62 (2d Cir. 1999).

There is a second component to diversity jurisdiction − the amount in controversy must be in excess of the sum or value of $75,000. *See* § 1332(a). The Court can dismiss a complaint for failing to plead that the amount in controversy exceeds the sum or value of $75,000, but only if there is "a legal certainty from the complaint that plaintiff cannot recover sufficient damages to invoke [diversity] jurisdiction." *Zacharia v. Harbor Island Spa, Inc.*, 684 F.2d 199, 202 (2d Cir. 1982); *Ochoa v. Interbrew Am., Inc.*, 999 F.2d 626, 629 (2d Cir. 1993) ("[I]n determining whether a challenged jurisdictional amount has been met, district courts are permitted only to assess the allegations in a complaint and not the validity of any asserted defenses.").

Plaintiff's complaint suggests that the parties are not diverse. Plaintiff appears to allege that he is a citizen of both Pennsylvania and New York State, and that Western Union, as a corporation, is a citizen of Pennsylvania, New York State, Colorado, and Washington, D.C.

In any event, Plaintiff's complaint does not allege any facts suggesting that his claims satisfy the jurisdictional amount for a diversity action, an amount in excess of the sum or value of $75,000. Plaintiff's claims arise from a dispute in which he alleges he attempted to send "over $6,45.00 through Western Union" to another party, but that the other party never received it. (ECF 2, p. 5.)

Because Plaintiff's complaint fails to show that the parties are diverse and that the claims satisfy the jurisdictional amount for a diversity action, the Court dismisses this action for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

**CONCLUSION**

The Clerk of Court is directed to assign this matter to my docket and note service on the docket. Plaintiff has consented to electronic service of Court documents. (ECF 3.)

The Court dismisses this action for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3). This dismissal is without prejudice.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated:  December 3, 2019
        New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge